UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| CHRIS AMAEFUNA, | ) | |
| | ) | |
| Plaintiff, | ) | 1:22-CV-00211-DCLC-SKL |
| | ) | |
| v. | ) | |
| | ) | |
| MIKE GAMSBY and MICRONICS ENGINEERED FILTRATION GROUP, INC., | ) ) ) | |
| | ) | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Chris Amaefuna has sued Defendants Mike Gamsby and Micronics Engineered Filtration Group, Inc. under Title II of the Civil Rights Act of 1964 and under 42 U.S.C. § 1981. Defendants have asked the Court to dismiss both claims under Fed.R.Civ.P. 12(b)(1) and (b)(6). Amaefuna has responded and the issue is now ripe. The motion [Doc. 12] is **GRANTED IN PART AND DENIED IN PART.**

**I. BACKGROUND**

Bonn Industries Limited, ("Bonn Industries"), a Nigerian manufacturer of glycerin and soap noodles, needed filter cloths for its manufacturing process and attempted to purchase them from Defendant Micronics Engineered Filtration Group, Inc. ("Micronics") [Doc. 1, ¶ 1]. Micronics refused to sell them because it purportedly did not do business in Nigeria [*Id.* ¶ 2]. Bonn then contacted Plaintiff Chris Amaefuna ("Amaefuna") to determine if he could make the purchase and then resell it to it [*Id.*, ¶ 3]. Amaefuna, a United States citizen of Nigerian descent, contacted Micronics's employee Mike Gamsby ("Gamsby") and offered to purchase (by cashier's check) the

1

filter cloths on Bonn Industries' behalf [*Id.*, ¶¶ 4, 6]. Despite Amaefuna's offer to pay by cashier's check, Micronics required Amaefuna to complete its credit application [*Id.*, ¶¶ 6–8]. Upon reviewing the application, Micronics declined to sell Amaefuna the filters because the address Amaefuna provided was listed as "out of business" on the internet [*Id.*, ¶ 9]. Amaefuna was not in fact out of business, so Amaefuna investigated and claims to have found that Gamsby or another Micronics employee had "manipulated" the address to read as out of business on Google [*Id.*, ¶ 10]. When Amaefuna confronted Gamsby about the denial, Amaefuna claimed Gamsby said "he wouldn't do business with you people…." [Doc. 9, ¶ 11] (internal quotations omitted). That led to Amaefuna suing both Micronics and Gamsby. Notably absent from this suit is Bonn Industries.

Representing himself *pro se,* Amaefuna initially claimed Micronics and Gamsby violated Title VII of the Civil Rights Act of 1964, codified in 42 U.S.C. § 2000e-2 [Doc. 1, ¶ 17]. Title VII prohibits an *employer* from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). He sought monetary damages in the amount of $200,000.00 from each Defendant and $200,000.00 in punitive damages. Amaefuna then amended his Complaint as a matter of right,[1] dropping his Title VII claim but adding (1) a claim under Title II of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000a, which prohibits discrimination on the basis of national origin in places of public accommodation, and (2) a claim under 42 U.S.C. § 1981, which guarantees all races "the full and equal benefit of

---

[1] "A party may amend its pleading once as a matter of course within … 21 days after serving it …." Fed. R. Civ. P. 15(a)(1)(A). "[A]n amended complaint supersedes and replaces the original complaint." *William Powell Co. v. Nat'l Indem. Co.*, 18 F.4th 856, 870 n. 6 (6th Cir. 2021). Accordingly, the Court considers only the Amended Complaint [Doc. 9].

2

all laws … as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Defendants filed a Motion to Dismiss [Doc. 12] under Fed.R.Civ.P. 12(b)(1) and (b)(6) asking the Court to dismiss all claims.

## II. LEGAL STANDARD

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) eliminates a pleading or portion thereof that fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court liberally construes the complaint in favor of the opposing party. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

To survive dismissal, the plaintiff must allege facts that are sufficient "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. The court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), and dismissal is appropriate "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

A Rule 12(b)(1) motion is construed as either a facial attack or a factual attack on subject matter jurisdiction. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A motion that "merely questions the sufficiency of the pleading" is a *facial* attack and a motion is

3

considered a *factual* attack if it requires the Court to "weigh the conflicting evidence to arrive at the factual predicate that subject-matter jurisdiction exists or does not exist." *Id*. Here, Defendants' motion is facial because it disputes whether Amaefuna properly alleges that he notified the proper local or state authorities at least 30 days before filing this action. *See S.G. v. CBL & Assocs. Mgmt., Inc.*, No. 1-09-cv-83, 2010 WL 743731, at *2 (E.D. Tenn. Feb. 26, 2010). *Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III. ANALYSIS

#### A. Claim One: Amaefuna's Title II Claim under the Civil Rights Act of 1964

Amaefuna first claims that Defendants violated Title II of the Civil Rights Act of 1964, codified in 42 U.S.C. § 2000a. Title II prohibits discrimination based on race, color, religion, or national origin in places of public accommodation.[2] It authorizes a civil action for permanent or temporary injunctive relief to prohibit such discrimination in places of public accommodation. 42 U.S.C. § 2000a-3(a). Title II only provides for injunctive relief, not monetary damages. *See* 42 U.S.C. § 2000a-3(a); *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968) ("When a plaintiff brings an action under [Title II], he cannot recover damages").

Defendants allege this Court lacks jurisdiction because Amaefuna did not file a written complaint with the Tennessee authorities charged with addressing allegations of discrimination. Federal law provides that if the state where the alleged discrimination occurred has a state or local

---

[2] 42 U.S.C. § 2000a(a) provides:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

4

law prohibiting discrimination in a place of accommodation and if the state has established a state or local authority to address the alleged discrimination, then "no civil action may be brought under [42 U.S.C. § 2000a-3(a)] before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person ...." 42 U.S.C. § 2000a-3(c). "In other words, if the state has a law prohibiting racial [or national origin] discrimination in a place of public accommodation and a state or local authority exists which can address such discrimination, then no action can be brought under Title II until a written complaint has been filed with that authority and at least thirty days from the filing of the complaint have expired." *S.G.*, 2010 WL 743731, at *2 (citations omitted). Further, the notice requirement is jurisdictional. *Id.* (citations omitted).

Does Tennessee have such a law? It does. Tennessee law prohibits discrimination based on national origin, among other things, in places of public accommodation. Tenn. Code Ann. § 4-21-501. Moreover, it has established the Tennessee Human Rights Commission to "receive, investigate, seek to conciliate, hold hearings on and pass upon complaints" alleging violations of the Tennessee Human Rights Act. Tenn. Code. Ann. § 4-21-202(9). Did Amaefuna file a written complaint with Tennessee authorities? No. Because Amaefuna did not file a written complaint alleging discrimination in a place of public accommodation with the Tennessee authorities charged with addressing such discrimination, this Court lacks jurisdiction to address his Title II claim.[3]

**B.    Claim Two: Amaefuna's 42 U.S.C. § 1981 claim**

Amaefuna also asserts a claim under 42 U.S.C. § 1981, arguing Defendants violated his

---

[3]    The Court need not address the merits of whether Amaefuna has stated a claim upon which relief can be granted. The Court notes that he claims discrimination based on Defendants' refusal to sell him filter cloths, not that he has been denied access to places of public accommodation as required under Title II.

statutory right to "make and enforce contracts" because of his national origin and his status as "black person from a different Nation" [Doc. 9, ¶¶ 11, 17].  Section 1981 provides that "[a]ll persons ... shall have the same right ... to make and enforce contracts ... as is enjoyed by white citizens." 42 U.S.C. § 1981(a).  The right "to make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id*. § 1981(b).  The Supreme Court held that "Congress intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics.  Such discrimination is racial discrimination that Congress intended § 1981 to forbid…." *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987).  It noted that § 1981 was not designed to protect against discrimination based "solely on the place or nation of [a plaintiff's] origin, or … religion…." *Id.*

"[T]o establish a claim for racial discrimination under section 1981, a plaintiff must plead and prove that (1) [he] belongs to an identifiable class of persons who are subject to discrimination based on their race; (2) the defendant intended to discriminate against [him] on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in section 1981(a)." *Amini v. Oberlin Coll*., 440 F.3d 350, 358 (6th Cir. 2006).  It is the plaintiff's burden to "initially plead and ultimately prove that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

A plaintiff may show intentional discrimination by offering direct evidence or, if relying on circumstantial evidence, proceeding under the *McDonnell Douglas* burden-shifting framework adapted to commercial-establishment § 1981 claims.  *Keck v. Graham Hotel Sys., Inc.*, 566 F.3d

634, 639 (6th Cir. 2009) (citing *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 871 (6th Cir. 2001) and *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). "Under this framework, to state a *prima facie* case of discrimination, … plaintiffs must show that: (1) they belonged to a protected class; (2) they sought to make a contract for services ordinarily provided by the defendant; and (3) they were denied the right to enter into a contract for such services while similarly situated persons outside the protected class were not, or they were treated in such a hostile manner that a reasonable person would find it objectively discriminatory." *Id.* If this *prima facie* case is successful, the employer must "articulate a legitimate, non-discriminatory reason" for its actions. *B & S Transportation, Inc. v. Bridgestone Ams. Tire Operations, LLC*, 758 F. App'x 503, 505 (6th Cir. 2019). The burden then shifts back to the plaintiff to show "that the proffered reason was actually a pretext to hide unlawful discrimination …." *Id.* (quoting *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 573 (6th Cir. 2000)).

In this case, Amaefuna claimed he "informed [Gamsby] that he intended to mak[e] his purchase and pay[] with cashier's check." [Doc. 9, ¶ 6]. Although he claimed "he agreed to make the purchase for Bonn Industries," Amaefuna alleged *he* intended to pay for the items with a cashier's check and that when Micronics reviewed his credit application, Gamsby refused to sell to him because Micronics did not do business with "you people." He further alleged that Micronics required him to complete a credit application despite his offer to pay with a cashiers' check and that the company interfered with his business-address listing on Google to make him appear less creditworthy [Doc. 9, ¶¶ 6–10].

In resolving Defendants' motion, the court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839

7

Case 1:22-cv-00211-DCLC-SKL   Document 20   Filed 03/24/23   Page 7 of 8   PageID #: 106

F.3d 513, 518 (6th Cir. 2016). Assuming Amaefuna purchased the filters *himself*, it would be Amaefuna who "would have rights under the … proposed contractual relationship" he proposed to make with Micronics. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). Whether Amaefuna ultimately intended to resell the filters to Bonn Industries, or the next highest bidder is irrelevant at this stage in the case. Amaefuna alleges that "but-for his class as a black person from a different Nation, he would not have received the ill-treatment he received…." [Doc. 9, ¶ 11].

At this stage in the proceedings, "Plaintiff[] need only show that Defendants' intentionally discriminatory actions impaired [his] rights under a 'proposed contractual relationship,' such as by preventing [him] from entering into contracts." *Grain v. Trinity Health*, 431 F. App'x 434, 450 (6th Cir. 2011) (quoting *Domino's Pizza*, 546 U.S. at 476). Accordingly, Amaefuna has plausibly alleged that he would have had rights under a proposed contractual relationship, with which Micronics' alleged discrimination interfered. Defendants' motion to dismiss as to the § 1981 claim is **DENIED.**

## V. CONCLUSION

For these reasons, Defendants' motion [Doc. 12] is **GRANTED IN PART AND DENIED IN PART**.

SO ORDERED:

s/Clifton L. Corker
United States District Judge

8